IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No.  03-61-01-KI |
| | ) | Civil No.  06-312-KI |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| PEDRO CALON-ESPINO, | ) | |
| | ) | |
| Defendant. | ) | |

Karin J. Immergut
United States Attorney
District of Oregon
James L. Maher
Special Assistant United States Attorney
1000 S. W. Third Avenue, Suite 600
Portland, Oregon  97204

    Attorneys for Plaintiff

Pedro Calon-Espino
I. D. No. 66848-065
Taft Correctional Institution
P. O. Box 7001
Taft, California  93268

    Pro Se Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Before the court is the motion, under 28 U.S.C. § 2255, to vacate, set aside, or correct sentence (#118) and a Motion for Protective Orders, for Partial Discovery and Additional Time to File Reply Memorandum (#123) by defendant Pedro Calon-Espino. For the reasons set forth below, I deny both motions.

## BACKGROUND

On March 19, 2004, defendant entered a guilty plea to Count 2 of the indictment, which charged a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, possession with intent to distribute methamphetamine, and two forfeiture allegations. Defendant waived his right to appeal the conviction and sentence, and waived his right to file a motion pursuant to 28 U.S.C. § 2255, except on grounds of ineffective assistance of counsel, newly discovered evidence, or for a retroactive change in the applicable guidelines or statute. Sentencing hearings were held on August 16, 2004 and August 19, 2004. The Court imposed a sentence of 87 months followed by a three-year term of supervised release.

Defendant filed a notice of appeal on August 30, 2004. On January 19, 2006, the Ninth Circuit Court of Appeals dismissed defendant's appeal citing the appeal waiver in defendant's plea agreement.

Defendant filed his Section 2255 motion on March 7, 2006, the government filed a response on March 28, 2006, and I allowed defendant until May 15, 2006 to file a reply.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the

Page 2 - OPINION AND ORDER

court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998). Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

I.   Section 2255 Motion

There is no need for an evidentiary hearing to decide this motion since Calon-Espino fails to state a claim for relief.

To successfully raise an ineffective assistance of counsel claim, Calon-Espino must demonstrate that his attorney's performance was so deficient that it fell below an objective standard of reasonableness, and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that the attorney acted reasonably and adequately. Id.

Calon-Espino asserts that his counsel was ineffective for advising him to enter into a plea agreement with the government. Specifically, defendant claims that if he had not agreed with the

government to plead guilty, he could have entered a guilty plea on count one of the indictment, a conspiracy count, which would have subjected him to a lower sentence. By taking this tactic, defendant would also have avoided waiving his appeal rights. Defendant also contends that he could have pled guilty (without benefit of an agreement) and, at the same time, challenged the amount and type of drugs requiring the Court to resolve the dispute.

Calon-Espino misunderstands the effect of his plea agreement, and the benefit of his counsel's negotiations with the government on his behalf. If Calon-Espino had pled guilty to count one of the indictment–conspiracy to distribute methamphetamine, cocaine, heroin and marijuana–without benefit of the plea agreement, the government would have proceeded to try the defendant on the remaining five substantive counts and two counts of forfeiture.

Contrary to his understanding, Calon-Espino would have faced the same 87-month sentence for pleading guilty to count one. Calon-Espino is misinformed in his belief that count one carries a maximum statutory penalty of five years because he is improperly relying on 21 U.S.C. § 841(b)(1)(D). That statute applies when a defendant is convicted of manufacturing, distributing or possessing less than 50 kilograms of marijuana. Since defendant was caught selling two ounces of methamphetamine, the statutory maximum penalty is twenty years pursuant to 21 U.S.C. § 841(b)(1)(C).

The cases defendant relies on to support his argument that he could only have been subject to a five year sentence had he pled guilty to count one are inapplicable. The cases Calon-Espino cites describe situations where the jury found the defendant guilty of conspiring to distribute drugs, but it is impossible to tell from the general verdict which drug the jury concluded constituted the object of the conspiracy. In those situations, the court must impose a sentence that does not exceed the lowest statutory maximum of all of the potential drugs. United

Page 4 - OPINION AND ORDER

States v. Jackson, 167 F.2d 1280 (9th Cir. 1999); Edwards v. United States, 523 U.S. 511 (1998); United States v. Dale, 178 F.3d 429 (6th Cir. 1999). Since these circumstances were not at issue here, defense counsel did not render ineffective assistance of counsel in failing to argue that Calon-Espino should have been sentenced to no more than five years.

In order to avoid serving a sentence greater than 87 months, defendant pled guilty to count two. He gave up his right to appeal but, as the government's attorney attests, appeal waivers are part of the Uniform Plea Agreement in the U.S. Attorney's Office, and the appeal waiver here "was a necessary condition for the offer made by the government." Decl. of James L. Maher, at 2. Defense counsel did not render ineffective assistance of counsel in negotiating a plea agreement containing a waiver of appeal rights.

Furthermore, the Ninth Circuit "regularly enforces 'knowing and voluntary' waivers of appellate rights in criminal cases, provided that the waivers are part of negotiated guilty pleas, and do not violate public policy." United States v. Anglin, 215 F.3d 1064, 1066 (9th Cir. 2000) (citations omitted). The test of the validity of a waiver is whether it was made knowingly and voluntarily, determined by the "circumstances surrounding the signing and entry of the plea agreement." Id. at 1066-68.

During the plea hearing, using the services of an interpreter, the court reviewed defendant's waiver of appeal as follows:

> THE COURT: Mr. Espino, in your plea agreement there is a waiver of appeal. Now, under the law you may appeal your conviction if you feel that the guilty plea was unlawful or if there is some fundamental defect in the proceeding that you have now waived by your guilty plea. You have a legal right to appeal your sentence if you feel that sentence is contrary to law.
>
> Now, you may give up these rights to appeal as part of your plea agreement. And in your plea agreement, you have agreed to waive certain appeal rights. Do you

Page 5 - OPINION AND ORDER

understand that you have agreed to waive appeal rights as part of your plea agreement?

THE DEFENDANT: Yes.

Government's Response to Defendant's Motion Filed Pursuant to 28 U.S.C. § 2255 ("Government's Response"), Ex. 7 at 11.

It is apparent from this colloquy that defendant clearly and unambiguously waived the right to appeal and that it was knowing and voluntary. The Ninth Circuit recently relied on the defendant's waiver of appeal in his plea agreement in dismissing defendant's direct appeal.

As for Calon-Espino's argument that if he had pled guilty he could have challenged the amount and type of drugs, Calon-Espino describes what he in fact did. Furthermore, Calon-Espino erroneously contends that the Court failed to warn him that the trier of fact determines the type and quantity of drugs beyond a reasonable doubt. The Court engaged in an extensive colloquy with Calon-Espino about his signature on the Waiver of Sentencing Jury, and the fact that as a result the Court would be determining the quantity of drugs beyond a reasonable doubt.

> THE COURT: All right. Mr. Espino, I have received this morning a document entitled Waiver of Sentencing Jury, and that waiver reads: I, the above-named defendant, that's you, having been advised that certain sentencing issues may be decided by a jury, do hereby knowingly and intelligently waive a sentencing jury and agree to have these issues determined by the sentencing judge.
>
> It appears that you have signed that this morning. Is that your signature on that waiver?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Now, what I am going to be considering today as the sentencing Judge, pursuant to this waiver, is the amount of drugs that will constitute the offense level, whether or not you possessed a firearm in connection with this charge.
>
> I'll also be determining whether or not the safety valve applies, and the elements of that are whether or not you had a gun in your possession, whether or not you have provided information appropriately to qualify.

Page 6 - OPINION AND ORDER

> Now, with regard to the quantity of drugs and to the firearm, you are entitled to have a jury make that determination beyond a reasonable doubt, but you can waive the right to have a jury and let me, the Judge, make that determination under the same standard, beyond a reasonable doubt.
>
> There's also some question about whether you would have a jury to make the determination concerning the safety valve. But for the purpose of this hearing, do you understand that by signing this waiver you are agreeing that I will set a quantity of drugs to be considered for the offense level, and that I will set – I will determine whether there should be a firearm enhancement and whether the safety valve should apply, and that you're waiving a jury, waiving the right to have a jury determine that.
>
> Do you agree that the Court may make these determinations in your case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And have you discussed all of this with your lawyer and do you understand what you are waiving?
>
> THE DEFENDANT: Yes.
>
> THE COURT: All right. I am signing the waiver and it will be filed.

Government's Response, Ex. 8 at 7-8. As a result, defendant's counsel did not render ineffective assistance of counsel in failing to object to any errors made by the Court, because the Court complied with its duties under the law.

II.     Motion for Protective Orders, for Partial Discovery and Additional Time to File a Reply

Defendant requests an additional sixty days to file a reply to the government's response on defendant's Section 2255 motion. Defendant had forty-eight days in which to file a reply, when the typical time allotted to file a reply is ten days. Given the analysis set forth above, defendant could offer no additional arguments that would be of assistance to the Court. Accordingly, I deny his request for additional time to file a reply, and his related request for discovery.

In addition, any concerns defendant has about the affidavit his trial counsel provided in response to defendant's ineffective assistance of counsel claims are relieved by the Court Order entered in this matter, and the limited amount of information trial counsel provided. On February 4, 2005, the Court directed trial counsel to respond to the allegations in defendant's initial Section 2255 motion–a motion the defendant subsequently voluntarily dismissed. The Order provided as follows:

> The information that the government receives from Paul Ferder regarding previous confidential communications with his former client, Pedro Calon-Espino, may be used only by the U.S. Attorney's Office for the purpose of responding to the claims raised in Mr. Calon-Espino's 28 U.S.C. §2255 petition pending before the Court. Disclosure of this information may not be made to any other persons or agencies, including any other law enforcement or prosecutorial personnel or agencies, without an order from this Court. This order shall continue in effect after the conclusion of the present proceedings and specifically shall apply in the event of a retrial of all or any portion of petitioner's criminal case, except that either party maintains the right to request modification or vacation of this order upon entry of final judgment in this matter.

Order Directing Former Defense Counsel to Submit Information Pertinent to 28 U.S.C. § 2255 Petition, at 2. As is evident from the February Order, the information supplied by trial counsel is available for the limited purpose of resolving defendant's Section 2255 motion.

Furthermore, contrary to defendant's assertions, trial counsel did not turn over defendant's case file. Rather, he responded to the court order by offering two documents and an affidavit that was limited to the issues raised in defendant's initial Section 2255 motion. The affidavit and documents were helpful to the Court in resolving this Section 2255 motion.

Therefore, I deny defendant's Motion for Protective Orders, for Partial Discovery, and Additional Time to File Reply Memorandum.

## CONCLUSION

The motion, under 28 U.S.C. § 2255, to vacate, set aside, or correct sentence (#118) by defendant Pedro Calon-Espino is denied. Defendant's Motion for Protective Orders, for Partial Discovery, and Additional Time to File Reply Memorandum (#123) is also denied.

IT IS SO ORDERED.

Dated this ____22nd_____ day of May, 2006.

      /s/ Garr M. King
      Garr M. King
      United States District Judge